UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| WILLIAM H. SHEHADI, JR. | : | |
|---|---|---|
| VS. | : | NO. 3:18cv360(WWE) |
| MARK CUSSON, ET AL. | : | MARCH 24, 2018 |

## ANSWER AND AFFIRMATIVE DEFENSES

1. Admitted.

2. Admitted.

3. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

4. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

5 - 6. These paragraphs are not directed to the defendant and therefore he does not respond to them.

7. Admitted as to the defendant Holt. As to the remaining allegations, they are not directed to this defendant and therefore he does not respond to them.

8. Admitted as to defendant Holt.

1

9. Admitted as to defendant Holt.

10. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

11. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

12. Defendant is not an expert in psychiatry and therefore leaves the plaintiff to his proof.

13. Defendant is not an expert in psychiatry and therefore leaves the plaintiff to his proof.

14. Denied.

15. Defendant is not an expert in speech pathology and therefore leaves the plaintiff to his proof.

16. Defendant is not an expert in psychiatry and therefore leaves the plaintiff to his proof.

17. Defendant is not a physician and therefore leaves the plaintiff to his proof.

18. Defendant is neither a physician nor a psychiatrist and therefore leaves the plaintiff to his proof.

19. Admitted.

20. Defendant is neither a physician nor a psychiatrist and therefore

leaves the plaintiff to his proof.

21. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

22. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

23. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

24. Denied.

25. Denied.

26. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

27. To the extent that any of these allegations are directed to the defendant, they are denied.

28. To the extent that any of these allegations are directed to the defendant, they are denied.

29. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

30. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

31. To the extent that any of these allegations are directed to the

defendant, they are denied.

32. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

33. To the extent that this allegation is directed to the defendant, it is admitted.

34. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

35. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

36. As to the first sentence, the defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof. To the extent, if at all, that the second sentence is directed to the defendant, it is denied.

37. This paragraph is not relevant to any claim being made against the defendant and therefore he does not respond to it.

**First Claim for Relief**

The allegations of Paragraphs 2 - 6 are denied.

**Second Claim for Relief**

The allegations of Paragraphs 2 - 7 are denied.

**Third Claim for Relief**

The allegations of Paragraphs 2 - 6 are denied.

**Fourth Claim for Relief**

The allegations of Paragraphs 2 - 4 are debued,

**Fifth Claim for Relief**

The allegations of Paragraphs 2 - 6 are denied.

**Sixth Claim for Relief**

The allegations of Paragraphs 2 - 5 are denied.

## AFFIRMATIVE DEFENSES

1. The plaintiff's claims against the defendant are barred by qualified immunity.

2. The plaintiff's state law claims against the defendant are barred by sovereign immunity.

3. The plaintiff's state law claims against the defendant are barred by statutory immunity.

4. The plaintiff's allegations against this defendant lack sufficient factual detail or specificity to state a plausible claim upon which relief may be granted and therefore this action should be dismissed pursuant to the doctrine of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

5. Any injuries suffered by the plaintiff were the result solely of his own

wrongdoing.

6. The plaintiff and his conservator have failed to mitigate any damages allegedly suffered.

### CLAIM FOR TRIAL BY JURY

The defendant claims trial by jury.

                         THE DEFENDANT, BRUCE HOLT

                         BY: /s/
                              JOHN R. WILLIAMS (ct00215)
                              51 Elm Street
                              New Haven, CT 06510
                              203.562.9931
                              Fax: 203.776.9494
                              jrw@johnrwilliams.com

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                              /s/
                            JOHN R. WILLIAMS