# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM H. SHEHADI, JR. | : | CASE NO. 3:18-CV-00360-WWE |
| | : | |
| v. | : | |
| | : | |
| MARK CUSSON, ET AL | : | APRIL 20, 2018 |

### DEFENDANTS' LARNED'S, PRESNICK'S AND QUIDER'S MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY IN THIS ACTION DURING THE PENDENCY OF THEIR CRIMINAL CASES

**I.  PRELIMINARY STATEMENT**

On September 5, 2017, Defendant Robert Larned ("Larned") was arrested and charged in State of Connecticut vs. Robert Larned, Docket No.: MMX-CR17-0212736-T, which case is currently pending in the Superior Court in Middletown, Connecticut. The criminal information contains ten (10) counts alleging Cruelty to Persons in violation of of CT General Statute Section 53-20(a) (1) and Disorderly Conduct in violation of CT General Statute Section 53a-182.   On October 18, 2017, Defendant Michael Presnick ("Presnick") was arrested and charged in State of Connecticut vs. Michael Presnick, Docket No.: MMX-CR17-0213060-T, which case is currently pending in the Superior Court in Middletown, Connecticut. The criminal information contains one (1) count alleging Cruelty to Persons in violation of  CT General Statute Section 53-20(a) (1) and

one (1) count alleging Disorderly Conduct in violation of CT General Statute Section 53a-182. On September 5, 2017, Defendant Seth Quider ("Quider") was arrested and charged in State of Connecticut vs. Seth Quider, Docket No.: MMX-CR17-0212735-T, which case is currently pending in the Superior Court in Middletown, Connecticut. The criminal information contains six (6) counts alleging Cruelty to Persons in violation of CT General Statute Section 53-20(a) (1) and six (6) counts of Disorderly Conduct in violation of CT General Statute Section 53a-182. The Complainant in the criminal cases and this civil action are the same person and the allegations in the criminal cases mirror the allegations in this civil action. The civil and criminal cases at issue here are entirely parallel and the defendants are facing prosecution in the State of Connecticut for the same conduct alleged by the Plaintiff.

A district court has the discretionary authority to stay a civil action pending the outcome of a parallel criminal case when the interest of justice so require. The factors a court should consider in granting a stay are: 1) the interests of the plaintiff in an expeditious resolution and the prejudice to the plaintiff in not proceeding; 2) the interests and burdens on the defendants; 3) the convenience to the court in the management of its docket and in the efficient use of judicial resources; 4) the interests of other persons not parties to the civil litigation; and 5) the interests of the public in the pending civil and criminal actions. All of these factors weigh heavily in favor of granting a stay.

The delay of a stay of discovery in this case will not prejudice the Plaintiffs as the conduct that is alleged is recent dating back to March of 2017. The alleged conduct has been preserved on video. Moreover, any interest the Plaintiff may have in the expeditious resolution of his case is trumped by the defendants' significant Fifth Amendment concerns. If discovery in the instant case is not stayed pending resolution of the criminal cases against them, the defendants will likely repeatedly face the quandary of having to either: (1) invoke their constitutional privilege during civil discovery-which would not only prevent them from adequately defending their position, but which may subject them to an adverse inference from their refusal to testify; or (2) waive their Fifth Amendment privilege, and having any evidence adduced in the civil case be then used against them in the criminal trial. The defendants' interest in avoiding such an unfair choice heavily favors a stay, particularly since they have already been arrested and the criminal cases are continuing forward.

The interests of the Court, third parties, and the public also weigh in favor of a stay. Given the early stage of this litigation, discovery and testimony brought forward in the defendants' criminal case could be used to streamline this case. Moreover, there is a public interest in the unimpeded pursuit of criminal actions, which may be implicated if the defendants are forced to litigate a civil matter at the same time.

## II. RELEVANT BACKGROUND

On March 1, 2018, Plaintiff William H. Shehadi, Jr., filed the present civil action in six counts pursuant to § 1983 and various state law claims. The plaintiff claims that the defendants violated his rights and caused them damage by abusing him at the Whiting Forensic Hospital. The allegations of this civil suit substantially mirror the allegations contained in the criminal informations pending against the defendants. The defendants are therefore currently defending themselves in both a criminal and civil suit in which the claims and accusations are identical. The state criminal cases are ongoing and has not been resolved. The defendants will soon be required to sign off on a Rule 26(f) report and they cannot do so in good faith as they will not be able to agree on the commencement of discovery as it is their position that it should be stayed until the criminal cases has been completed.

## III. APPLICABLE LEGAL STANDARDS

> A district court has the discretionary authority to stay a civil proceeding pending the outcome of a parallel criminal case when the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.CT. 763, 25 L.Ed.2d 1 (1970); Landis v North Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). 'This authority allows a court to 'stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action.' Securities & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C.Cir. 1980) (en banc). In determining whether to impose a stay of discovery, the court must balance the interests of the litigants, nonparties, the public and the court itself.

See Banks v. Yokemick, 144 F.Supp.2d 272, 275 (S.D.N.Y.2001). The factors a court should consider include: 1) the interests of the plaintiff in an expeditious resolution and the prejudice to the plaintiff in not proceeding; 2) the interests of and burdens on the defendants; 3) the convenience to the court in the management of its docket and in the efficient use of judicial resources; 4) the interests of other persons not parties to the civil litigation; and 5) the interests of the public in the pending civil and criminal actions. See Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995); Twenty First Century Corp., 801 F.Supp. at 1010. Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp.2d 6 (D. Conn. 2002)

## IV. ARGUMENT

This action must be stayed in the interests of justice because defendants' defense of entirely parallel claims in both a civil and criminal suit will compromise their Constitutional rights against self-incrimination.

### 1) The interest of the plaintiff in an expeditious resolution and the prejudice to the plaintiff in not proceeding.

"Moreover, "[w]hile plaintiff[s] do[] have a legitimate interest in 'the expeditious resolution' of [their] case, courts frequently allow other factors, such as a party's Fifth Amendment privilege to trump a plaintiff's interest." Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 9 (D. Conn. 2002); *see also* Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) (holding that plaintiffs' interest in the expeditious resolution of their case "are trumped by defendants' interests in avoiding the quandary of choosing between

5

waiving their Fifth Amendment rights or effectively forfeiting the civil case"). The plaintiff will not suffer undue prejudice because the events have been captured on videotape and the plaintiff may in fact benefit from evidence and testimony brought forth in the criminal cases and a stay will provide the plaintiff an opportunity to utilize it. Furthermore, the conduct alleged is very recent and only dates back to February and March of 2017. Moreover, the plaintiff has also filed a state case against the State of Connecticut Department of Mental Health and Addiction Services, the Whiting Forensic Hospital and several of its commissioners, officers, directors, and supervisors, seeking compensatory damages and injunctive relief pertaining to the plaintiff's conditions of confinement, treatment and care. See Docket No: FBT-CV18-6072211-S.

2) **The interests of and burden on the defendants.**

It is fundamentally inequitable to force defendants to answer discovery requests and attend depositions when entirely parallel criminal charges are pending against them in State Court and they have the Fifth Amendment privilege against self-incrimination. The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Cont. Amend. V.

Another factor courts consider—which is sometimes described as a preliminary or threshold factor, or even "[t]he most important factor"—is "the degree to which the civil issues overlap with the criminal issues." Judge Milton Pollack, *Parallel Civil & Criminal*

*Proceedings*, 129 F.R.D. 201, 203 (1989); S.E.C. v. TelexFree, Inc., 52 F. Supp. 3d 349, 352 (D. Mass. 2014); In re Derivative Litig., 2007 WL 1101276, *1 (E.D. Pa. Apr. 11, 2007). Moreover, as explained in perhaps the leading practice guide on the subject, a general stay of all civil discovery is not by any means the best option available to the court or to the litigants. Stays can and should be tailored to avoid undue prejudice. By limiting both the time and subject matter covered in temporary deferrals of particular discovery, a Court can allow civil proceedings to progress as much as possible without prejudicing the relative interests of the litigants. *Parallel Civil & Criminal Proceedings*, 129 F.R.D. at 211.[1]

> [A]lthough the Constitution couches this privilege in terms of criminal cases, it is now beyond question that the right of a witness not to give incriminating answers applies with equal force to any proceeding, be it criminal or civil, administrative or judicial, investigatory or adjudicatory, whenever the answer to a question put to a witness might tend to subject him to criminal responsibility.

In re Kave, 760 F.2d 343, 353-54 (1st Cir. 1985). Moreover, "the privilege covers not only answers that would in themselves support a conviction, but likewise embraces those which would *furnish a link* in the chain of evidence needed to prosecute . . . or which

---

[1] "*Parallel Proceedings* is the record of a lecture entitled 'Parallel Civil and Criminal Proceedings' that was given by the Honorable Milton Pollack, District Court Judge, at the 'Transferee Judges' Conference' in October 1989. It was reprinted in the Federal Rules Decisions volume, and is often cited by courts addressing the subject of such parallel proceedings." Parker v. Dawson, 2007 WL 2462677, at *4 n.8 (E.D.N.Y. Aug. 27, 2007) (citing Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72 at 79, and U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc., 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003)).

*might lead* to other evidence that could be used in a criminal prosecution against the witness." *Id.* at 354 (citations omitted).

"A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012). There are at least two ways in which a defendant who invokes the Fifth Amendment in response to civil discovery can be prejudiced in the civil proceeding. First, unlike in a criminal case, an adverse inference may be drawn from the invocation of the privilege. *See* Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them . . . ."). In other words, the jury is permitted (but not required) to infer that the withheld information would have been unfavorable to the defendant. *See* Iantosca v. Benistar Admin. Servs., Inc., 567 F. App'x 1, 6 (1st Cir. 2014). Second, on a more practical level, invoking the Fifth Amendment privilege prevents the defendant "from adequately defending his position" in the civil case. Volmar Distribs., Inc. v. N.Y. Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). On the other hand, a defendant who waives his Fifth Amendment privilege in the civil case faces the prospect of incriminating himself in the

criminal case by disclosing evidence that may tend to support a conviction.

Due to the unique factual similarities between the allegations in this case and those contained in the criminal complaints, there is substantial risk that discovery provided by the Defendants here could be used against him in a criminal trial. *See* Louis Vuitton Malletier S.A., 676 F.3d at 98 ("Indeed, '[e]ven where it would not be direct evidence of wrongdoing with respect to the scheme charged in the criminal case, such testimony may be admissible as Fed. R. Evid. 404(b) evidence in any criminal trial.'") (quoting SEC v. Boock, 2010 WL 2398918, at *2 (S.D.N.Y. June 15, 2010)); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 148 (D. Mass. 2012) (explaining that although the defendant's criminal case involved issues "facially unrelated" to those in the civil case, "[t]here is a risk that discovery in this matter will expose [the defendants] to further criminal sanctions which weighs upon their ability to defend this action"); In re SK Foods, L.P., 2010 WL 5136189, at *7 (E.D. Cal. Dec. 10, 2010) ("[The defendant's] Fifth Amendment rights are implicated any time that he testifies or responds to discovery requests that are admissible to prove that he engaged in the conduct alleged in the indictment. This conduct can exceed the specific allegations of the indictment. Specifically, under Fed. R. Evid. 404(b), evidence of crimes, wrongs, and acts not alleged in the indictment, may be used to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.'"), *order clarified*, 2011 WL 1442332 (E.D. Cal. Apr. 14, 2011); *see also* United Techs. Corp., Hamilton Standard

Div. v. Dean, 906 F. Supp.27, 29 (D.Mass. 1995) (staying testimonial discovery of the defendant despite the fact that the civil and criminal matters were not "entirely parallel").

The Plaintiff in this case alleges that Defendants physically and mentally abused him at Whiting Forensic Hospital, allegations which are identical to the State Criminal Information. There is a significant risk that any incriminating evidence produced by defendants with regard to the events at issue in this case could be admissible in their criminal trial under Connecticut Rule of Evidence Section 4-5 (b). That rule, similar to the corresponding Federal Rule of Evidence 404(b)(2), provides that evidence of other crimes, wrongs or acts is admissible for non-propensity purposes, such as proving intent, identity, malice, motive, a common plan or scheme, absence of mistake or accident, knowledge, a system of criminal activity, an element of the crime charged or to corroborate crucial prosecution testimony. If a stay of discovery is not granted as to defendants, they will face "the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case." Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995).

> 3) **Efficient use of judicial resources, the interests of non-parties; and the interests of the public**

This case is in the early stages and not all defendants have appeared and a 26(f) report has not been filed. Discovery has not commenced. Indeed now is the appropriate time to grant a stay, in advance of defendants' depositions, in order to prevent costly discovery disputes and in order to avoid Defendants' Fifth Amendment dilemma. The criminal cases are in the early stages and this court would retain the ability to modify or dissolve the stay based on developments in the criminal cases. Moreover, a trial date has not been set and will likely not occur for at least a year. In this instance, a stay may actually preserve judicial resources as the outcome of the criminal action will likely impact the course of discovery and possibilities of settlement. *See* Estate of Gaither ex rel. Gaither v. Dist of Columbia, 2005 WL 3272130, at *4 (D.D.C. Dec. 2, 2005) (stay in civil case until resolution of criminal case may later "streamline discovery" in the civil action to the plaintiff's benefit).

While third parties may have an interest in a civil suit proceeding immediately, "their interest may be vindicated through the ongoing [] criminal proceedings." Zavatasy v. O'Brien, 902 F.Supp. 2d 135, 149 (D. Mass 2012). Moreover, a criminal suit can equally serve and protect third party and public interests that may otherwise have been advanced in a civil suit. *See, e.g.*, Brock v. Tolkow, 109 F.R.D. 116, 121 (E.D.N.Y. 1985) ("[W]hile criminal investigations and prosecutions can take a woefully long time, a stay of discovery does not mean that enforcement of the public interests at stake in the civil

case will be indefinitely deferred. For one thing, a criminal prosecution serves to enforce those same interests."); Volmar Distributors v. New York Post Co., 152 F.R.D. 36, 40 (S.D.N.Y. 1993) (noting, in an antitrust case, that "[t]he public certainly has an interest in the preservation of the integrity of competitive markets," and that "the pending criminal prosecution serves to advance those same interests").

In addition, it may actually serve the public interest to stay a civil matter in favor of a criminal action, as there is a public interest in the unimpeded pursuit of criminal actions. Such interest would indicate that this case should be stayed if it risks interfering with the criminal prosecution in any way. *See* TelexFree, Inc., 52 F. Supp. 3d at 353 ("[T]he public interest in unimpeded criminal law enforcement outweighs the civil interests"); Bridgeport Harbour Place, 269 F. Supp. 2d at 10 ("The public interest will be served best by allowing the government's case to proceed without obstacles."); In re Ivan F. Boesky Sec. Litig.,128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("[T]he public interest in the criminal case is entitled to precedence over the civil litigant"); Javier H. v. Garcia-Botello, 218 F.R.D. 72, 74 (W.D.N.Y.2003) ("[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."). Accordingly, third party and public interests will not be harmed, but rather will benefit from a stay of this action during the pendency of Defendants' criminal case.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully request that the Court stay discovery directed to them pending the outcome of their criminal cases in state court. The issues and the evidence in the civil and criminal case are entirely parallel and each of the factors weighs in favor of a stay.

                      Respectfully submitted,

                      THE DEFENDANT, MICHAEL PRESNICK

                      BY:      /s/
                            Thomas P. Moriarty (ct03778)
                            Moriarty, Paetzold & Sherwood
                            2230 Main Street
                            Glastonbury, CT 06033
                            Tel. (860) 657-1010
                            Fax: (860) 657-1011
                            tom@mpslawfirm.com

                    THE DEFENDANT, ROBERT LARNED

                      BY:      /s/
                            JON D. GOLAS (ct23324)
                            Golas, Golas & Golas, PC
                            249 East Center Street
                            Manchester, CT 06040
                            Tel. (860) 646-4545
                            Fax: (860) 646-8604
                            jgolas@golaslaw.com

THE DEFENDANT, SETH QUIDER

BY\_\_\_\_\_/s/_____
    James S. Brewer (ct 07019)
    Attorney at Law
    67 Russ Street
    Hartford, CT 06106
    Tel. (860-217-0652
    jbreweratty@gmail.com

## **CERTIFICATION OF SERVICE**

    On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Thomas P. Moriarty