UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM H. SHEHADI, JR, | : CIVIL ACTION NO: |
| PLAINTIFF, | 3:18-CV-00360-WWE |
| V. | : |
| MARK CUSSONN, , ET AL. | |
| DEFENDANTS | : APRIL 24, 2018. |

## ANSWER AND AFFIRMATIVE DEFENSES

1. Admitted.

2. Admitted.

3. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

4. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

5. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

6. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

7. Admitted as to the defendant Quider. Defendant does not respond to the remaining allegations to other defendants.

8. Admitted as to defendant Quider.

9. Admitted as to defendant Quider.

10. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

11. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

12. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

13. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

14. Denied.

15. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

16. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

17. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

18. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

19. Admitted.

20. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

21. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

22. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

23. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

24. Denied.

25. Denied.

26. Denied as to the allegations referring to defendant Quider.

27. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

28. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

29. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

30. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

31. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

32. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

33. To the extent this allegation is directed to the defendant Quider, it is admitted.

34. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

35. Defendant does not have sufficient knowledge and therefore leaves the plaintiff to his proof.

36. As to the first sentence, the defendant Quider does not have sufficient knowledge and therefore leaves the plaintiff to his proof. To the extent the remainder is directed to the defendant Quider it is denied.

37. This paragraph is not relevant to any claim being made against the defendant Quider and therefore he does not respond to it.

**First Claim for Relief**

The allegations in Paragraph 2-6 are denied.

**Second Claim for Relief**

The allegations in Paragraph 2-7 are denied.

**Third Claim for Relief**

The allegations in Paragraph 2-6 are denied.

**Fourth Claim for Relief**

The allegations in Paragraph 2-4 are denied.

**Fifth Claim for Relief**

The allegations in Paragraph 2-6 are denied.

**Sixth Claim for Relief**

The allegations in Paragraph 2-5 are denied.

## AFFIRMATIVE DEFENSES

1. The plaintiff's claims against the defendant are barred by qualified immunity

2. The plaintiff's state law claims against the defendant are barred by sovereign immunity.

3. The plaintiff's state law claims against the defendant are barred by statutory immunity.

4. The plaintiff' allegations against the defendant Quider lack sufficient factual detail or specificity to state a plausible claim upon which relief may be granted and therefore this action should be dismissed pursuant to the doctrine of <u>Bell Atlantic Corp. v. Twombly</u>, 55 U.S. 544, 570 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

5. Any injuries suffered by the plaintiff were the result solely of his own wrongdoing.

6. The plaintiff and his conservator have failed to mitigate any damages allegedly suffered.

### CLAIM FOR TRIAL BY JURY

The defendant claims trial by jury.

DEFENDANT,
SETH QUIDER

BY:   /s/ *James S. Brewer*
James S. Brewer (ct07019)
67 Russ Street
Hartford, CT 06106
Fed Bar No. ct 07019
860-217-0652
jbreweratty@gmail.com

### CERTIFICATION

I hereby certify that on April 24, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties May access this filing through the Court's CM/ECF System

  /s/ *James S. Brewer*
JAMES S. BREWER