UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM H. SHEHADI, JR. | : | NO. 3:18cv00360(WWE) |
| v. | : | |
| MARK CUSSON, ET AL | : | APRIL 25, 2018 |

### DEFENDANT MICHAEL PRESNICK'S ANSWER AND AFFIRMATIVE DEFENSES

1. Admitted.

2. Admitted.

3. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

4. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

5. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

6. Defendant admits so much of Paragraph 6 that states that Michael Presnick was a Forensic Nurse at Whiting, and lacks sufficient knowledge as to the remainder and therefore leaves Plaintiff to his proof.

7. This Paragraph is not directed to the Defendant and therefore he does not respond to it.

8. Admitted as to Defendant Presnick.

9. Admitted as to Defendant Presnick.

10. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

11. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

12. Defendant is not an expert in psychiatry and therefore leaves the Plaintiff to his proof.

13. Defendant is not an expert in psychiatry and therefore leaves the Plaintiff to his proof.

14. Denied.

15. Defendant is not an expert in speech pathology and therefore leaves the Plaintiff to his proof.

16. Defendant is not an expert in psychiatry and therefore leaves the Plaintiff to his proof.

17. Defendant is not a physician and therefore leaves the Plaintiff to his proof.

18. Defendant is neither a physician nor a psychiatrist and therefore leaves the Plaintiff to his proof.

19. Admitted.

20. Defendant is neither a physician nor a psychiatrist and therefore leaves the Plaintiff to his proof.

21. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

22. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

23. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

24. Denied.

25. Denied.

26. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

27. To the extent that any of these allegations are directed to the Defendant, they are denied.

28. To the extent that any of these allegations are directed to the Defendant, they are denied.

29. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

30. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

31. To the extent that any of these allegations are directed to the Defendant, they are denied.

32. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

33. Denied as pled.

34. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

35. Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof.

36. As to the first sentence, the Defendant lacks sufficient knowledge to respond and therefore leaves the Plaintiff to his proof. To the extent, if at all, that the second sentence is directed to the Defendant, it is denied.

37. Admitted as to Defendant Presnick.

**First Claim for Relief**

The allegations of Paragraphs 2 – 6 are denied.

**Second Claim for Relief**

The allegations of Paragraphs 2 – 6 are denied.

**Third Claim for Relief**

The allegations of Paragraphs 2 - 6 are denied.

**Fourth Claim for Relief**

The allegations of Paragraphs 2 – 4 are denied.

**Fifth Claim for Relief**

The allegations of Paragraphs 2 – 6 are denied.

**Sixth Claim for Relief**

The allegations of Paragraph 2 – 5 are denied.

**AFFIRMATIVE DEFENSES**

1.  The Plaintiff's claims against the Defendant are barred by qualified immunity.

2.  The Plaintiff's state law claims against the Defendant are barred by sovereign immunity.

3.  The Plaintiff's state law claims against the Defendant are barred by statutory immunity.

4.  The Plaintiff's allegations against this Defendant lack sufficient factual detail or specificity to state a plausible claim upon which relief may be granted and therefore this action should be dismissed pursuant to the doctrine of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

5. Any injuries suffered by the Plaintiff were the result solely of his own wrongdoing.

6. The Plaintiff and his conservator have failed to mitigate any damages allegedly suffered.

Respectfully submitted,<br>
THE DEFENDANT,<br>
MICHAEL PRESNICK

By:_____/s/_____
    Thomas P. Moriarty (ct03778)
    Moriarty, Paetzold & Sherwood
    2230 Main Street
    Glastonbury, CT 06033
    Tel.: (860) 657-1010
    Fax: (860) 657-1011
    tom@mpslawfirm.com

## CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Thomas P. Moriarty