# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM H. SHEHADI, JR. | : | CASE NO. 3:18-CV-00360-WWE |
| v. | : | |
| MARK CUSSON, ET AL | : | APRIL 26, 2018 |

## DEFENDANT ROBERT LARNED'S ANSWER AND AFFIRMATIVE DEFENSES

1. Admitted.

2. Admitted.

3. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

4. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

5. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

6. This paragraph is not directed to the Defendant and therefore he does not respond to it.

7. Defendant admits so much of Paragraph 7 that states that Robert Larned was a Forensic Treatment Specialist, and lacks sufficient knowledge as to the remainder and therefore leaves plaintiff to his proof.

8. Admitted as to defendant Larned.

9. Admitted as to defendant Larned.

10. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

11. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

12. Defendant is not an expert in psychiatry and therefore leaves the plaintiff to his proof.

13. Defendant is not an expert in psychiatry and therefore leaves the plaintiff to his proof.

14. Denied.

15. Defendant is not an expert in speech pathology and therefore leaves the plaintiff to his proof.

16. Defendant is not an expert in psychiatry and therefore leaves the plaintiff to his proof.

17. Defendant is not a physician and therefore leaves the plaintiff to his proof.

18. Defendant is neither a physician nor a psychiatrist and therefore leaves the plaintiff to his proof.

19. Admitted.

20. Defendant is neither a physician nor a psychiatrist and therefore leaves the plaintiff to his proof.

21. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

22. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

23. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

24. Denied.

25. Denied.

26. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

27. To the extent that any of these allegations are directed to the defendant, they are denied.

28. To the extent that any of these allegations are directed to the defendant, they are denied.

29. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

30. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

31. To the extent that any of these allegations are directed to the defendant, they are denied.

32. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

33. To the extent that any of these allegations are directed to the defendant, they are denied.

34. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

35. Defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof.

36. As to the first sentence, the defendant lacks sufficient knowledge to respond and therefore leaves the plaintiff to his proof. To the extent, if at all, that the second sentence is directed to the defendant, it is denied.

37. This paragraph is not relevant to any claim being made against the defendant and therefore he does not respond to it.

**First Claim for Relief**

The allegations of Paragraph 2-6 are denied.

**Second Claim for Relief**

The allegations of Paragraph 2-7 are denied.

**Third Claim for Relief**

The allegations of Paragraph 2-6 are denied.

**Fourth Claim for Relief**

The allegations of Paragraph 2-4 are denied.

**Fifth Claim for Relief**

The allegations of Paragraph 2-6 are denied.

**Sixth Claim for Relief**

The allegations of Paragraph 2-5 are denied.

**AFFIRMATIVE DEFENSES**

1. The plaintiff's claims against the defendant are barred by qualified immunity.

2. The plaintiff's state law claims against the defendant are barred by sovereign immunity.

3. The plaintiff's state law claims against the defendant are barred by statutory immunity.

4. The plaintiff's allegations against this defendant lack sufficient factual detail or specificity to state a plausible claim upon which relief may be granted and therefore this action should be dismissed pursuant to the doctrine of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

5. Any injuries suffered by the plaintiff were the result solely of his own wrongdoing.

6. The plaintiff and his conservator have failed to mitigate any damages allegedly suffered.

7. Any injuries suffered by the plaintiff were the result of the justifiable use of force.

8. Any injuries suffered by the plaintiff were the result of the justifiable use of force in the performance of the defendant's duties.

9. The defendant reserves the right to assert additional affirmative defenses or rescind affirmative defenses after further investigation and discovery.

## **CLAIM FOR TRIAL BY JURY**

The defendant claims trial by jury.

        THE DEFENDANT, ROBERT LARNED

        BY: /s/
        JON D. GOLAS (ct23324)
        Golas, Golas & Golas, PC
        249 East Center Street
        Manchester, CT 06040
        Tel. (860) 646-4545
        Fax: (860) 646-8604
        jgolas@golaslaw.com

## CERTIFICATION OF SERVICE

      On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                          /s/
                                            Jon D. Golas