## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| WILLIAM H. SHEHADI, JR., A CONSERVED PERSON BY AND THROUGH THE CONSERVATOR OF HIS ESTATE, ALBERT B. SHEHADI, | : : : : : | CIVIL ACTION NO. 3:18-cv-00360-WWE |
| Plaintiff, | : : | |
| v. | : : | |
| MARK CUSSON, MICHAEL PRESNICK, CARL BENJAMIN, WILLIE BETHEA, LANCE CAMBY, CLAYTON DAVIS, GREG GIANTONIO, BRUCE HOLT, ROBERT LARNED, ROBERT MARTINEAU, PATRICK O'BRIEN, AND SETH QUIDER, | : : : : : : | MAY 2, 2018 |
| Defendants. | : : | |

## REPORT OF PARTIES' PLANNING MEETING

**Plaintiff:**          William H. Shehadi, Jr.

**Defendants:**[1]      Mark Cusson          Willie Bethea
                        Michael Presnick     Clayton Davis
                        Bruce Holt           Carl Benjamin
                        Robert Larned        Robert Martineau
                        Patrick O'Brien
                        Seth Quider

**Date Complaint Filed:**     March 1, 2018

**Date Complaint Served:**    March 3-6, 2018

---

[1] To date, counsel for defendants Mark Cusson, Michael Presnick, Bruce Holt, Robert Larned, Patrick O'Brien, Seth Quider, and Robert Martineau have entered appearances in this action, and have participated in the parties' Rule 26(f) conference.  Defendants Clayton Davis, Carl Benjamin and Willie Bethea have appeared pro se, and Plaintiff's and Defense counsel have reached out to these defendants concerning the requirements pursuant to Rule 26(f) and they have joined in this report.  Defendants Lance Camby and Greg Giantonio have not yet appeared.  Copies of this report will be sent to all parties and/or counsel who appear following the filing of this report.

**Date of Appearance:**          Various times in April 2018

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties' counsel conferred in early April, 2018.  The participants were:

| For Plaintiff: | For Defendant: |
|---|---|
| Antonio Ponvert III<br>Koskoff, Koskoff & Bieder, P.C.<br>350 Fairfield Avenue<br>Bridgeport, CT 06604<br>203-336-4421<br>aponvert@koskoff.com | Brian J. Woolf (for Mark Cusson)<br>Woolf Law Firm, LLC<br>50 Founders Plaza<br>Second Floor, Suite 203<br>East Hartford, CT 06018<br>Tel. (860) 290-8690<br>Fax: (860) 290-8697<br>Email: w@woolflaw.com<br><br>James S. Brewer (for Seth Quider)<br>67 Russ Street<br>Hartford, CT  06106<br>860-217-0652<br>jbreweratty@gmail.com<br><br>John R. Williams (for Patrick O'Brien and Bruce Holt)<br>51 Elm Street<br>New Haven, CT  06510<br>203.562.9931<br>Fax: 203.776.9494<br>jrw@johnrwilliams.com<br><br>Jon D. Golas (for Robert Larned)<br>Golas, Golas & Golas, PC<br>249 East Center Street<br>Manchester, CT  06040<br>Tel. (860) 646-4545<br>Fax: (860) 646-8604<br>jgolas@golaslaw.com<br><br>Thomas P. Moriarty (for Michael Presnick)<br>Moriarty, Paetzold & Sherwood<br>2230 Main Street<br>Glastonbury, CT  06033<br>Tel. (860) 657-1010 |

2

| | Fax (860) 657-1011<br>E-Mail: tom@mpslawfirm.com<br><br>Norman A. Pattis<br>Pattis & Smith, LLC<br>383 Orange Street, First Floor<br>New Haven, CT  06511<br>203.393.3017<br>203.393.9745<br>NPattis@pattisandsmith.com |
|---|---|

## I.    CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and possibilities for achieving a prompt settlement or other resolution of the case. Despite counsel's best efforts, we have been unable to agree on a unified case management plan.  Several Defendants have indicated their intention to seek a stay, and have filed a joint motion to stay discovery in this action (Doc. Nos. 29 and 30), and Defendant Cusson has requested an extension.  The Plaintiff may object and will file appropriate responses on or before May 11, 2018.  Therefore, the Plaintiff and Defendants have set forth their proposals as outlined below and request a scheduling conference to avoid further complicating and delaying the issuance of the case management order in this case. Counsel certify they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

## A.    SUBJECT MATTER JURISDICTION.

3

This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

**B.**   **PERSONAL JURISDICTION**

Personal jurisdiction is not contested.

**III.**   **BRIEF DESCRIPTION OF CASE**

The plaintiff William H. Shehadi is an acquittee committed to the Whiting

Forensic Hospital within the Connecticut Department of Mental Health and Addiction

Services.  At all times relevant to this Complaint, Mr. Shehadi suffered, and continues to

suffer, from severe and persistent mental illness.  The defendants were all Forensic

Nurse Specialists or Forensic Treatment Specialists at Whiting Forensic who were

responsible for the supervision, safety and wellbeing of Mr. Shehadi.  The Complaint

asserts that during the period of February 27, 2017 to March 22, 2017 and for many

months and years prior to that time, the defendants inflicted physical abuse, neglect,

exploitation, humiliation, and psychological torture on Mr. Shehadi.  The Complaint

alleges that the February – March, 2017 abuse was recorded on videotape.

**A.**   **CLAIMS OF PLAINTIFF**

The plaintiff asserts the following claims against all defendants: (1) Violation of

the Fourteenth Amendment's Guarantee of Safe Conditions of Confinement and Right

to Be Free from the Use of Excessive Force by Agents and Employees of the State,

pursuant to 42 U.S.C. § 1983; (2) Violation of the Fourteenth Amendment's Guarantee

of the Right to Protection from Harm, pursuant to 42 U.S.C. § 1983; (3) Violation of the

Fourteenth Amendment's Guarantee of the Right to Reasonable Medical and Mental

4

Health Care, pursuant to 42 U.S.C. § 1983; (4) State Law Assault and Battery; (5) State Law Recklessness; and (6) State Law Intentional Infliction of Emotional Distress.  The plaintiff seeks economic and non-economic compensatory damages.

**B.    DEFENSES**

1.    The plaintiff's claims against the defendant are barred by qualified immunity.

2.    The plaintiff's state law claims against the defendants are barred by sovereign immunity.

3.    The plaintiff's state law claims against the defendants are barred by statutory immunity.

4.    The plaintiff's allegations against some or all of the defendants lack sufficient factual detail or specificity to state a plausible claim upon which relief may be granted and therefore this action should be dismissed pursuant to the doctrine of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

5.    Any injuries suffered by the plaintiff were the result solely of his own wrongdoing.

6.    The plaintiff and his conservator have failed to mitigate damages allegedly suffered.

7.    Any injuries suffered by the plaintiff were the result of the justifiable use of force.

8.      Any injuries suffered by the plaintiff were the result of the justifiable use of force in the performance of the defendants' duties.

IV.    **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.   The following material facts are undisputed:

1.      Mr. Shehadi is, and at all relevant times was committed to the custody of the Connecticut Department of Mental Health and Addiction Services and confined at Whiting.

2.      At all times relevant to the Complaint, defendant Michael Presnick was a Forensic Nurse at Whiting, employed and paid by the State of Connecticut, responsible for providing treatment, care and supervision to Bill Shehadi.

3.      At all times relevant to the Complaint, defendant Robert Larned was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

4.      At all times relevant to the Complaint, defendant Bruce Holt was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

5.      At all times relevant to the Complaint, defendant Mark Cusson was a Forensic Nurse at Whiting, employed and paid by the State of Connecticut, responsible for providing treatment, care and supervision to Bill Shehadi.

6.      At all times relevant to the Complaint, defendant Patrick O'Brien was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

7.      At all times relevant to the Complaint, defendant Seth Quider was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

8.      At all times relevant to the Complaint, defendant Carl Benjamin was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

9.      At all times relevant to the Complaint, defendant Willie Bethea was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

10.     At all times relevant to the Complaint, defendant Lance Camby was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

11.     At all times relevant to the Complaint, defendant Clayton Davis was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

12.     At all times relevant to the Complaint, defendant Greg Giantonio was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

13.     At all times relevant to the Complaint, defendant Robert Martineau was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

14.     Bill Shehadi's room at Whiting was equipped with a stationary video camera recording the activities of Shehadi and Whiting staff 24/7 during the period February 27 to March 22, 2017.

## V.     CASE MANAGEMENT PLAN

### A.     STANDING ORDER ON SCHEDULING IN CIVIL CASES

### 1.  PLAINTIFF'S PROPOSALS

The plaintiff requests modification of the deadlines in the Standing Order on Scheduling in Civil Cases.  Due to the parties' disagreement concerning modifications to the scheduling order, this schedule reflects only plaintiff's proposed modifications to the scheduling order.

Some of the defendants in this case have pending criminal charges arising out the same set of allegations in this case and have filed a motion to stay discovery in this proceeding. (Doc. Nos. 28 and 30).   The plaintiff may object to a stay and will file appropriate responses on or before May 11, 2018.

The plaintiff proposes to extend the discovery deadline schedule from August 31, 2018 to October 31, 2018. The plaintiff further proposes that the deadline for dispositive motions shall be extended from September 30, 2018 to November 30, 2018.

**2.  DEFENDANTS' PROPOSALS**

The defendants' counsel request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.  Due to the parties' disagreement concerning modifications to the scheduling order, this schedule reflects only defense counsels' proposed modifications to the scheduling order. Some of the defendants in this case have pending criminal charges arising out the same set of allegations in this case. Therefore, some of defendants have filed a Motion to Stay Discovery until their criminal cases have been resolved.[2]  Any defendants filing such Motions shall do so by April 30, 2018 unless such time is extended by the Court.   The plaintiff opposes a stay and will file briefs in opposition at the appropriate time.

**B.    SCHEDULING CONFERENCE WITH THE COURT**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

**C.    EARLY SETTLEMENT CONFERENCE**

The parties do not request an early settlement conference by a U.S. Magistrate Judge.

**D.    JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

1.    Plaintiff should be allowed until April 30, 2018 to file motions to join additional parties and to file motions to amend the pleadings.

---

[2] Counsel for defendants Michael Presnick, Robert Larned, and Seth Quider have informed counsel for the plaintiff of their intention to seek a stay in this action.

2.      Defendants should be allowed until April 26, 2018[3] to file a response to the complaint, and to May 11, 2018 to file motions to amend the pleadings.

**E.      DISCOVERY**

1.      The parties anticipate that discovery will be needed concerning the following subjects:  all factual issues and liability claims and defenses raised in the Complaint and Answers, and damages.

2.      Plaintiff proposes that all discovery, including depositions of expert witnesses pursuant to Fed. R.Civ. P. 26(b)(4), will be commenced immediately and completed (not propounded) by October 31, 2018, or by a date to be determined by the Court at the scheduling conference in this matter.

3.      Defendants propose that, subject to the Court's ruling on the defendant's Motion to Stay, all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately thereafter unless such stay is granted, and completed (not propounded) by a date to be determined by the Court at the scheduling conference in this matter.

4.      Discovery will not be conducted in phases.

5.      Initial disclosures will be served by May 4, 2018 unless the Court grants Defendants' Motion to Stay.

6.      Plaintiff anticipates that he will require 15 depositions of parties and fact witnesses, and defense counsel anticipate that they will require 6 depositions of parties

---

[3] Pursuant to the Court's Orders, defendants Mark Cusson (Doc. 17), Michael Presnick (Doc. 27), and Robert Larned (Doc. 12) were granted a 30-day extension to April 26, 2018 to file their Answers.  Defendant Seth Quider was granted a 30-day extension to April 27, 2018 to file his

and fact witnesses.  All depositions may commence after the Court's ruling on the

Motion to Stay and upon the Court's approval of a revised scheduling order.

7.     The parties may request permission to serve more than 25 interrogatories.

8.     The Plaintiff proposes a two month extension on all current pretrial

deadlines as outlined in the chart below:

| <u>Description</u> | <u>Plaintiff's Proposal</u> |
|---|---|
| Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) | July 31, 2018 |
| Damages Analysis due | July 31, 2018 |
| Depositions of Plaintiff's Experts | August 31, 2018 |
| Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) | September 28, 2018 |
| Depositions of Defendant's Experts | October 31, 2018 |
| Close of Fact Discovery | October 31, 2018 |

9.     The defendants' counsel propose an extension of pretrial deadlines to be

set by the Court after its ruling on the defendant's Motion to Stay.

10.     Undersigned counsel have discussed the disclosure and preservation of

electronically stored information, including, but not limited to, the form in which such

data shall be produced, search terms and/or other techniques to be used in connection

with the retrieval and production of such information, the location and format of

_____

Answer. (Doc. 12).

electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: It is believed that electronically-stored information will not become an issue in this matter. Counsel agree that procedures will be discussed and agreed upon by them should that prove not to be the case.

11.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production: the producing party shall notify the recipient party as soon as it is discovered that possibly privileged documents have been produced, and counsel shall agree either (1) that the documents and all copies shall be returned to the producing party or (2) the issue shall be brought to the Court's attention and the documents shall not be used for any purpose unless and until a final order allowing such use is issued.

F.     DISPOSITIVE MOTIONS

The plaintiff proposes that dispositive motions will be filed on or before November 30, 2018.

The defendants' counsel propose that if the Court denies the Motion to Stay, the deadline for dispositive motions shall be seven months from the date of the Court's ruling on the Motions to Stay.

### G.    JOINT TRIAL MEMORANDUM

The parties propose that the joint trial memorandum required by the Standing

Order on Trial Memoranda in Civil Cases will be filed 30 days after the later of the

Court's ruling on dispositive motions, if any, or 30 days after the expiration of the

deadline for filing dispositive motions.

## VI.    TRIAL READINESS

The case will be ready for trial 30 days after the later of the Court's ruling on any

dispositive motions, if any, or 30 days after the expiration of the deadline for filing

dispositive motions.

As officers of the Court, undersigned counsel agree to cooperate with all counsel

and the Court to promote the just, speedy and inexpensive determination of this action.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,

May 2, 2018                BY__/s/ Antonio Ponvert, III
                          Antonio Ponvert, III  ct17516
                          Koskoff, Koskoff & Bieder, P.C.
                          350 Fairfield Avenue
                          Bridgeport, CT  06604
                          Tel: (203) 336-4421
                          Fax: (203) 368-3244
                          Email: aponvert@koskoff.com


May 2, 2018                THE PLAINTIFF,

                          BY__/s/ Kirk W. Lowry_____
                          Kirk W. Lowry
                          Connecticut Legal Rights Project, Inc. – Mdltn
                          Silver St., PO Box 351
                          Middletown, CT 06457
                          Tel: (860) 262-5017

13

Fax: (860) 262-5035
Email: Klowry@clrp.org


RESPECTFULLY SUBMITTED,
THE DEFENDANT, MICHAEL PRESNICK

May 2, 2018                     BY   /s/      Thomas P. Moriarty
                                Thomas P. Moriarty  ct03778
                                William H. Paetzold  ct10074
                                Moriarty, Paetzold & Sherwood
                                2230 Main Street
                                Glastonbury, CT  06033
                                Tel. (860) 657-1010
                                Fax (860) 657-1011
                                E-Mail: tom@mpslawfirm.com


                                THE DEFENDANT, ROBERT LARNED

                                BY  /s/  John D. Golas
                                John D. Golas ct23324
                                Golas, Golas & Golas, PC
                                249 East Center Street
                                Manchester, CT 06040
                                Tel No: 860-646-4545
                                Fax no: 860-646-8604
                                Email: jgolas@golaslaw.com


May 2, 2018                     THE DEFENDANT PATRICK AND
                                BRUCE HOLT

                                BY  /s/ John R. Williams
                                John R. Williams ct00215
                                51 Elm Street
                                New Haven, CT 06510
                                Tel No: 203-562-9931
                                Fax No: 203-776-9494
                                Email: jrw@johnrwilliams.com


14

May 2, 2018                                    THE DEFENDANT MARK CUSSON

                                              BY:_____/s/Brian J. Woolf
                                              Brian J. Woolf ct10227
                                              Mario K. Cerame  ct30125
                                              Woolf Law firm, LLC
                                              50 Founders Plaza
                                              Second Floor, Suite 203
                                              East Hartford, CT  06018
                                              Tel: (860) 290-8960
                                              Fax: (860) 290-8697
                                              email: w@woolflaw.com
                                              email: mkc@woolflaw.com


May 2, 2018                                    THE DEFENDANT SETH QUIDER

                                              BY:_____/s/James S. Brewer
                                              James S. Brewer ct07019
                                              67 Russ Street
                                              Hartford, CT 06106
                                              Tel: (860) 217-0652
                                              email: jbreweratty@gmail.com


May 2, 2018                                    THE DEFENDANT CLAYTON DAVIS

                                              BY:_____/s/Clayton Davis
                                              Clayton Davis
                                              69 Greenfield Street
                                              Hartford, CT  06112
                                              Tel: (860) 670-2384


May 2, 2018                                    THE DEFENDANT WILLIE BETHEA

                                              BY:_____/s/Willie Bethea
                                              Willie Bethea
                                              41 Robin Court
                                              Middletown, CT 06457
                                              Tel: (413) 241-1084

May 2, 2018                              THE DEFENDANT CARL BENJAMIN

                                        BY:_____/s/Carl Benjamin
                                        Carl Benjamin
                                        25311 Town Walk Drive
                                        Hamden, CT  06518
                                        Tel: (347) 879-9126

May 2, 2018                              THE DEFENDANT ROBERT MARTINEAU

                                        BY:  ___/s/Norman A. Pattis
                                        Norman A. Pattis  ct13120
                                        Pattis & Smith, LLC
                                        383 Orange Street, First Floor
                                        New Haven, CT  06511
                                        203.393.3017
                                        203.393.9745
                                        NPattis@pattisandsmith.com

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.


                        /s/Antonio Ponvert III_____
                        Antonio Ponvert III