**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WILLIAM H. SHEHADI, JR., A CONSERVED PERSON BY AND THROUGH THE CONSERVATOR OF HIS ESTATE, ALBERT B. SHEHADI,<br><br>Plaintiff,<br>v.<br><br>MARK CUSSON, MICHAEL PRESNICK, CARL BENJAMIN, WILLIE BETHEA, LANCE CAMBY, CLAYTON DAVIS, GREG GIANTONIO, BRUCE HOLT, ROBERT LARNED, ROBERT MARTINEAU, PATRICK O'BRIEN, AND SETH QUIDER,<br><br>Defendants. | : | CIVIL ACTION NO. 3:18-cv-00360-MPS<br><br>DECEMBER 6, 2019 |

**REPORT OF PARTIES' PLANNING MEETING**

**Plaintiff:** William H. Shehadi, Jr.

**Defendants:**[1]

Mark Cusson
Michael Presnick
Bruce Holt
Robert Larned
Patrick O'Brien
Seth Quider
Willie Bethea
Clayton Davis
Carl Benjamin
Robert Martineau

**Date Complaint Filed:** March 1, 2018

**Date Complaint Served:** March 3-6, 2018

**Date of Appearance:** Various times in April 2018

[1] Defendants Lance Camby and Greg Giantonio have not entered appearances in this action.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties' counsel conferred between December 2, 2019 and December 5, 2019. The participants were:

- Antonio Ponvert III for the plaintiff William H. Shehadi, Jr.;
- John R. Williams for defendants Patrick O'Brien and Bruce Holt;
- Thomas P. Moriarty for defendant Michael Presnick; and
- Jon D. Golas for defendant Robert Larned.

Despite e-mails from plaintiff's counsel's office dated November 25, 2019, December 3, 2019, December 4, 2019, and December 5, 2019, advising of the due date for this report and requesting input, pro se defendants Carl Benjamin, Clayton Davis, and Willie Bethea and counsel for Mark Cusson and Robert Martineau failed to respond.

## I. CERTIFICATION

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. SUBJECT MATTER JURISDICTION.

This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

## B. PERSONAL JURISDICTION

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

The plaintiff William H. Shehadi is an acquittee committed to the Whiting Forensic Hospital within the Connecticut Department of Mental Health and Addiction Services. At all times relevant to this Complaint, Mr. Shehadi suffered, and continues to suffer, from severe and persistent mental illness. The defendants were all Forensic Nurse Specialists or Forensic Treatment Specialists at Whiting Forensic who were responsible for the supervision, safety and wellbeing of Mr. Shehadi. The Complaint asserts that during the period of February 27, 2017 to March 22, 2017 and for many months and years prior to that time, the defendants inflicted physical abuse, neglect, exploitation, humiliation, and psychological torture on Mr. Shehadi. The Complaint alleges that the February – March, 2017 abuse was recorded on videotape.

### A. CLAIMS OF PLAINTIFF

The plaintiff asserts the following claims against all defendants: (1) Violation of the Fourteenth Amendment's Guarantee of Safe Conditions of Confinement and Right to Be Free from the Use of Excessive Force by Agents and Employees of the State, pursuant to 42 U.S.C. § 1983; (2) Violation of the Fourteenth Amendment's Guarantee of the Right to Protection from Harm, pursuant to 42 U.S.C. § 1983; (3) Violation of the Fourteenth Amendment's Guarantee of the Right to Reasonable Medical and Mental Health Care, pursuant to 42 U.S.C. § 1983; (4) State Law Assault and Battery; (5) State

Law Recklessness; and (6) State Law Intentional Infliction of Emotional Distress. The plaintiff seeks economic and non-economic compensatory and punitive damages.

**B. DEFENSES**

1. The plaintiff's claims against the defendant are barred by qualified immunity.

2. The plaintiff's state law claims against the defendants are barred by sovereign immunity.

3. The plaintiff's state law claims against the defendants are barred by statutory immunity.

4. The plaintiff's allegations against some or all of the defendants lack sufficient factual detail or specificity to state a plausible claim upon which relief may be granted and therefore this action should be dismissed pursuant to the doctrine of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

5. Any injuries suffered by the plaintiff were the result solely of his own wrongdoing.

6. The plaintiff and his conservator have failed to mitigate damages allegedly suffered.

7. Any injuries suffered by the plaintiff were the result of the justifiable use of force.

8. Any injuries suffered by the plaintiff were the result of the justifiable use of force in the performance of the defendants' duties.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Mr. Shehadi is, and at all relevant times was, committed to the custody of the Connecticut Department of Mental Health and Addiction Services and confined at Whiting.

2. At all times relevant to the Complaint, defendant Michael Presnick was a Forensic Nurse at Whiting, employed and paid by the State of Connecticut, responsible for providing treatment, care and supervision to Bill Shehadi.

3. At all times relevant to the Complaint, defendant Robert Larned was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

4. At all times relevant to the Complaint, defendant Bruce Holt was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

5. At all times relevant to the Complaint, defendant Mark Cusson was a Forensic Nurse at Whiting, employed and paid by the State of Connecticut, responsible for providing treatment, care and supervision to Bill Shehadi. Defendant Cusson was convicted on April 4, 2019 of three counts of Intentional Cruelty to Persons in violation of Connecticut General Statute § 53-20(a)(1) and sentenced to five years, and five counts of Disorderly Conduct in violation of Connecticut General Statute § 53a-182,

unconditional discharge. Defendant Cusson's appeal to the State of Connecticut Appellate Court was reinstated on November 19, 2019 following the defendant's motion for reconsideration of the court's disposition order entered on November 5, 2019 (*see AC-42452)*.

6. At all times relevant to the Complaint, defendant Patrick O'Brien was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

7. At all times relevant to the Complaint, defendant Seth Quider was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

8. At all times relevant to the Complaint, defendant Carl Benjamin was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

9. At all times relevant to the Complaint, defendant Willie Bethea was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

10. At all times relevant to the Complaint, defendant Lance Camby was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

11. At all times relevant to the Complaint, defendant Clayton Davis was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

12. At all times relevant to the Complaint, defendant Greg Giantonio was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

13. At all times relevant to the Complaint, defendant Robert Martineau was a Forensic Treatment Specialist, employed and paid by the State of Connecticut, responsible for providing care and supervision to Bill Shehadi.

14. Bill Shehadi's room at Whiting was equipped with a stationary video camera recording the activities of Shehadi and Whiting staff 24/7 during the period February 27 to March 22, 2017.

## V. CASE MANAGEMENT PLAN

### A. STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

### B. SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

### C. EARLY SETTLEMENT CONFERENCE

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

### D. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1. The date for plaintiff to file motions to join additional parties or to amend the pleadings has passed.

2. The date for defendants to file motions to join additional parties or to amend the pleadings has passed.

**E. DISCOVERY**

1. The parties anticipate that discovery will be needed concerning the following subjects: all factual issues and liability claims and defenses raised in the Complaint and Answers, and damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced upon the filing of this Report and completed (not propounded) by February 1, 2021.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by February 1, 2021.

5. Plaintiff anticipates that he will require 20 depositions of parties and fact witnesses, and the defendants anticipate that they will require 20 depositions of parties and fact witnesses. The depositions of fact witnesses will begin immediately and will be completed by October 1, 2020.

6. The parties may request permission to serve more than 25 interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports retained pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2020. Depositions of any such experts will be completed by November 2, 2020.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 2, 2020. Depositions of such experts will be completed by February 1, 2021.

9. A damages analysis, describing the nature and severity of the plaintiff's injuries, will be provided by the plaintiff, along with a monetary demand, by September 2, 2020.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: It is believed that electronically-stored information will not become an issue in this matter. Counsel agree that procedures will be discussed and agreed upon by them should that prove not to be the case.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: the producing party shall notify the recipient party as soon as it is discovered that possibly privileged documents

have been produced, and counsel shall agree either (1) that the documents and all copies shall be returned to the producing party or (2) the issue shall be brought to the Court's attention and the documents shall not be used for any purpose unless and until a final order allowing such use is issued.

### F. DISPOSITIVE MOTIONS

Dispositive motions, if any, will be filed on or before March 2, 2021.

### G. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by April 1, 2021 if no dispositive motions are filed, or sixty days following the Court's decision on all pending dispositive motions.

## VI. TRIAL READINESS

The case will be ready for trial by June 4, 2021.

As officers of the Court, undersigned counsel agree to cooperate with all counsel and the Court to promote the just, speedy and inexpensive determination of this action.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,

BY__/s/ Antonio Ponvert, III
Antonio Ponvert, III ct17516
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
Email: aponvert@koskoff.com

THE PLAINTIFF,

BY__/s/ Kirk W. Lowry_
Kirk W. Lowry
Connecticut Legal Rights Project, Inc. – Mdltn
Silver St., PO Box 351
Middletown, CT 06457
Tel: (860) 262-5017
Fax: (860) 262-5035
Email: Klowry@clrp.org

THE DEFENDANT, MICHAEL PRESNICK

BY __/s/ Thomas P. Moriarty
Thomas P. Moriarty ct03778
William H. Paetzold ct10074
Moriarty, Paetzold & Sherwood
2230 Main Street
Glastonbury, CT 06033
Tel. (860) 657-1010
Fax (860) 657-1011
E-Mail: tom@mpslawfirm.com

THE DEFENDANT, ROBERT LARNED

BY /s/ Jon D. Golas
Jon D. Golas ct23324
Golas, Golas & Golas, PC
249 East Center Street
Manchester, CT 06040

Tel No: 860-646-4545
Fax no: 860-646-8604
Email: jgolas@golaslaw.com

THE DEFENDANTS PATRICK O'BRIEN AND BRUCE HOLT

BY /s/ John R. Williams
John R. Williams ct00215
51 Elm Street
New Haven, CT 06510
Tel No: 203-562-9931
Fax No: 203-776-9494
Email: jrw@johnrwilliams.com

**CERTIFICATION**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/Antonio Ponvert III
Antonio Ponvert III