UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM H. SHEHADI, JR., <br> A CONSERVED PERSON BY AND <br> THROUGH THE CONSERVATOR OF <br> HIS ESTATE, ALBERT B. SHEHADI, <br><br> **Plaintiff,** <br><br> v. <br><br> MARK CUSSON, MICHAEL PRESNICK, <br> CARL BENJAMIN, WILLIE BETHEA, <br> LANCE CAMBY, CLAYTON DAVIS, <br> GREG GIANTONIO, BRUCE HOLT, <br> ROBERT LARNED, ROBERT <br> MARTINEAU, PATRICK O'BRIEN, AND <br> SETH QUIDER, <br><br> **Defendants.** | CIVIL ACTION NO. <br> 3:18-cv-00360-MPS |

## JOINT PROTECTIVE ORDER

1. The above case will involve the disclosure of personal health information and

   other sensitive information the disclosure of which must be controlled.

2. The following information, referred to herein as "PROTECTED

   INFORMATION" shall be the subject of this order:

   Any and all information regarding the patient whether in your possession, custody or control including, but not limited to, complete records, discharge summaries, history and physical reports, consultation reports, original x-ray films, x-ray reports, CT scans and MRI(s), pathology reports, laboratory test reports, emergency room reports, office notes, progress notes, file notes, consultations, hospital records, doctor's notes, correspondence, and medical bills, psychiatric evaluations, psychosocial history/assessment, psychological evaluation, treatment plans, medication reports, diagnostic reports, discharge summaries and all other records that may be protected by Conn. Gen. Stat. § 52-146e or by 42 C.F.R. Part 2 or protected by HIPAA.

3. The disclosure of PROTECTED INFORMATION shall be limited to:

> a) Counsel of record for the named plaintiff and defendant Cusson, counsel for defendant Cusson, and any experts retained by counsel for defendant Cusson.

4. That any person to whom "PROTECTED INFORMATION" is or shall be disclosed, must be informed of the contents of the Protective Order prior to said disclosure and shall agree in writing, or by statement recorded in a written transcript of proceedings, to be bound by its terms.

5. <u>No party, counsel, experts, or others subject to this order may re-disclose PROTECTED INFORMATION without leave of the court</u>.

6. Any party may seek a modification of the Protective Order based upon a showing of good cause that the modification is necessary to further this pending court proceeding only. In the event such a motion is made, the identity of any person to whom disclosure of information is sought shall be included within the motion, along with the reason or reasons that disclosure of protected information is necessary to advance this litigation. Such disclosure of identity may be made to the court *in camera*.

7. Nothing in this Protective Order waives any party's right to object to the admissibility of the PROTECTED INFORMATION at trial in this or any other proceeding.

8. Prior to filing said protected information with the court and/or moving for their introduction into evidence, both parties will jointly request that the PROTECTED INFORMATION be filed under seal.

9. Nothing in this Protective Order shall prevent the plaintiff from disclosing his PROTECTED INFORMATION as he deems appropriate.

10. All PROTECTED INFORMATION will be destroyed or returned by counsel of record and the parties at the completion of the litigation, including any appeal.

By Order of the Court this 20th day of October, 2020 in Hartford, Connecticut.

                                                       /s/
                                  Michael P. Shea, U.S.D.J.